BEVERLY TARSHES, as Adm'x of the Estate of Barry Tarshes, Deceased, Plaintiff-Appellant, v. LAKE SHORE HARLEY DAVIDSON *et al.*, Defendants and Third–Party Plaintiffs-Appellees (Wagner Electric Company, Third–Party Defendant-Appellee).

First District (4th Division)   No. 86—2197

Opinion filed May 26, 1988.

John G. Phillips & Associates, of Chicago (Stephen D. Phillips and Gregory R. Sun, of counsel), for appellant.

Patrick E. Maloney, Shaun McParland, and James R. Murray, all of Tressler, Soderstrom, Maloney & Priess, of Chicago, for appellee Harley Davidson Motor Company, Inc.

Thomas H. Fegan and Thomas J. Andrews, both of Johnson, Cusack & Bell, of Chicago, for appellee Lake Shore Harley Davidson.

Byron L. Gregory, Roger W. Wenthe, and Paul J. Kozacky, all of McDermott, Will & Emery, of Chicago, for appellee Wagner Electric Company.

JUSTICE JOHNSON delivered the opinion of the court:

This appeal arises from a product liability action in which plaintiff, Barry Tarshes, suffered personal injury in a motorcycle accident allegedly occasioned by a defect in the rear brake mechanism of his motorcycle. Plaintiff initiated this action against defendants, Harley Davidson Motor Company, Inc. (the motorcycle manufacturer), and Lake Shore Harley Davidson (the motorcycle supplier). Defendants brought a third-party action against the third-party defendant, Wagner Electric Company (hereinafter referred to as Wagner), the rear brake manufacturer. Approximately five years later, plaintiff died of causes unrelated to the accident, and the administratrix of his estate, Beverly Tarshes, was substituted as plaintiff. (For simplicity, Barry Tarshes, deceased, will be referred to as plaintiff herein.) The jury entered a verdict against plaintiff upon which the trial court entered judgment. Subsequently, the trial court denied plaintiff's motion for a new trial and this appeal follows.

We affirm.

The record reveals that at approximately 1 a.m. on June 11, 1977, plaintiff was riding his 1977 Harley-Davidson FXE Superglide motorcycle and collided with the rear of an automobile driven by Raymond Host. Host testified that he had been stopped and waiting at a traffic light at the intersection of California and Howard Streets, in Chicago, for between one and two minutes before the collision. An eyewitness to the accident, Sheri Hastings, testified that she saw plaintiff's motorcycle traveling 10 miles per hour as it approached Host's car. She further testified that the motorcycle attempted to drive between Host's car and several parked cars along the curb of Howard Street. She saw plaintiff's left handlebar strike Host's car and saw plaintiff fall from his bike. As a result of the accident plaintiff sustained injuries to his lower left leg.

Plaintiff brought suit against defendants, alleging that the rear brakes of the motorcycle failed and caused the accident. Based on this contention, defendants brought a third-party action against the rear brake manufacturer, Wagner.

Since this case presents evidentiary issues, the testimony relating

to such issues will be discussed in the arguments.

I

■ Plaintiff's first contention is that the trial court committed reversible error by denying his motion to sever the third-party action. He argues that no litigable issue existed between the principal defendants and Wagner on the complaint for indemnity. Plaintiff goes on to urge that the presence of Wagner in the principal trial was confusing to the jury, collusive and prejudicial to his case.

Plaintiff relies on *Nogacz v. Proctor & Gamble Manufacturing Co.* (1975), 37 Ill. App. 3d 636, and *Illinois Bell Telephone Co. v. Dynaweld, Inc.* (1979), 70 Ill. App. 3d 387, for the proposition that a third-party defendant may only raise those defenses to plaintiff's claim that a defendant third-party plaintiff has failed to raise.

This court held, in *Nogacz v. Procter & Gamble Manufacturing Co.* (1975), 37 Ill. App. 3d 636, that an indemnitor who has refused the tendered defense of the principal defendant and, thereby, voluntarily excluded himself from the principal action, is estopped, in a subsequent action for indemnification, from raising those defenses to the plaintiff's claim which were available to the principal defendant.

In *Illinois Bell Telephone Co. v. Dynaweld, Inc.* (1979), 70 Ill. App. 3d 387, we considered the situation where an indemnitor who had refused the tendered defense of the principal defendant in the preceding action sought indemnification through a third-party action from a second indemnitor. There, we held that the second indemnitor was not estopped by the first indemnitor's refusal of the tendered defense of the initial action.

Thus, plaintiff not only misstates the rule of law espoused in these cases but also places mistaken reliance on these authorities. Clearly, *Nogacz* and *Bell* are distinguishable from the instant case in that they both involve a refused tender of defense. Such is not the situation before us.

In the instant action, Wagner admitted that if it placed into the stream of commerce an unreasonably dangerous brake system which proximately caused plaintiff's injury, it would be required to indemnify the principal defendants. Plaintiff contends that this "admission" eliminates any litigable issue that may have existed between the principal defendants and Wagner. Again we disagree with plaintiff.

Indeed, we find the instant action to be precisely the type of situation for which the third-party practice was designed. Wagner has not admitted liability. It still remains to be resolved (1) whether an unreasonably dangerous condition existed in Wagner's brake system

and, if so, (2) whether it proximately caused plaintiff's accident.

Section 2—406(b) of the Code of Civil Procedure provides, *inter alia*, as follows:

"[A] defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him or her for all or part of the plaintiff's claim against him or her. *** The third-party defendant may assert any defenses which he or she has to the third-party complaint or which the third-party plaintiff has to the plaintiff's claim ***." (Ill. Rev. Stat. 1981, ch. 110, par. 2—406(b).)

This section was designed to avoid circuitous actions and "to permit the determination of the rights and liabilities of all parties before a single tribunal and upon the same evidence." (*Miller v. DeWitt* (1967), 37 Ill. 2d 273, 287.) A third-party complaint, therefore, may properly be dismissed only if it fails to state a cause of action by the principal defendant against the third-party defendant. (*Maas v. Ottawa Stockdale Fertilizer, Inc.* (1972), 9 Ill. App. 3d 33, 35.) The principal defendants here clearly have a cause of action against Wagner. Thus, the trial court properly denied plaintiff's motion to sever the third-party complaint.

## II

Plaintiff's second contention is that the trial court improperly permitted defendants and Wagner to present a contributory negligence defense in an action for strict product liability. The gist of plaintiff's argument is that evidence of his use or nonuse of the brakes was irrelevant to a product liability action. Specifically, he claims an error the trial court's (1) admission of expert testimony establishing that 65% to 70% of the braking power of the motorcycle was in the front brake; (2) refusal to permit him to ask an expert a hypothetical question concerning the effect of a total loss of the rear brakes; (3) failure to instruct the jury that plaintiff did not have to prove that the rear brake mechanism was the sole cause of the accident; and (4) failure to give three tendered instructions negating the defense of contributory negligence.

■ Plaintiff's first claim of error is the admission of expert testimony establishing that 65% to 70% of the motorcycle's braking power was in the front brake. He argues that this testimony was prejudicial because it suggested that plaintiff was contributorily negligent because he failed to apply his front brake.

"Whether to admit evidence or not is within the sound discretion of the trial court and the trial court's decision will not be reversed

absent a clear abuse of discretion." (*Moore v. Farmers Insurance Exchange* (1982), 111 Ill. App. 3d 401, 411.) The record reveals testimony showing that the motorcycle had two independent braking systems and that plaintiff's front brake was operable at the time of the accident. In addition, experts on both sides testified that a motorcycle rider normally uses both brake systems simultaneously, if he uses them at all. Given the surrounding testimony, the complained-of testimony establishing that the front brake alone had sufficient power to stop the motorcycle tended to show that it was more probable than not that plaintiff also failed to apply his rear brake. Thus, we find no abuse of discretion in the admission of this testimony.

■ Plaintiff next argues that the trial court erred by not permitting him to ask Raymond Mennert, defendants' expert, a hypothetical question concerning the effect of a total loss of the rear brake. However, plaintiff merely sets forth this argument without reference to the record or citation of authorities as required by Supreme Court Rule 341(e)(7) (107 Ill. 2d R. 341(e)(7)). It is not the duty of this court to search the record for material upon which to base a reversal. Therefore, unless reference is made to the abstract or record concerning evidence supporting a reversal, such alleged errors are deemed waived. *Farwell Construction Co. v. Ticktin* (1980), 84 Ill. App. 3d 791, 802.

Furthermore, a review of the record discloses that plaintiff, in seeking the introduction of this evidence, failed to make an offer of proof for the admission of the hypothetical question. It is well established that an offer of proof is necessary, where the trial court has excluded the testimony of a witness on a particular matter, to preserve the question for review. (*Moore v. Farmers Insurance Exchange* (1982), 111 Ill. App. 3d 401, 412; *Federal Mutual Insurance Co. v. Pense* (1980), 84 Ill. App. 3d 313, 318.) Thus, plaintiff has waived this issue by failing to make an adequate offer of proof.

■ Plaintiff's next claim of error concerns the trial court's refusal of plaintiff's tendered instruction on the definition of proximate cause. While the trial court is required to instruct the jury on all issues reasonably presented by the evidence, the determination as to what issues actually have been raised by the evidence is within the sound discretion of the trial court. *Lounsbury v. Yorro* (1984), 124 Ill. App. 3d 745, 751.

The trial court's instruction to the jury represented the short form of Illinois Pattern Jury Instructions, Civil, No. 400.04 (2d ed. Supp. 1977 (hereinafter IPI Civil 2d No. 400.04 (Supp. 1977)), which was tendered by Wagner and objected to by plaintiff. That instruc-

tion defines proximate cause as "that cause which, in natural or probable sequence, produced the injury complained of." Plaintiff had tendered the long version of IPI Civil 2d No. 400.04 (Supp. 1977), which adds to the definition that "[i]t need not be the only cause, not the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury." Plaintiff argues that his theory for the giving of the long version proximate cause instruction was that the use or non-use of the front brake system concurred with the alleged failure of the rear brake system. However, plaintiff's theory is in derogation of the supreme court committee's intended use of this instruction. It states that the long version of IPI Civil 2d No. 400.04 (Supp. 1977) should be used only when there is evidence of a concurring or contributing cause to the injury or death other than acts or omissions of the plaintiff. IPI Civil 2d No. 400.04 (Supp. 1977), Notes on Use.

Plaintiff's theory in support of the long version of this instruction concerns his own act or omission. This is precisely the situation in which the jury is not to be given the long version of this instruction. Therefore, we conclude that the trial court properly gave the short version of IPI Civil 2d No. 400.04 (Supp. 1977) in the instant case.

■ Finally, plaintiff argues that the trial court erroneously permitted the defendants and Wagner to present a defense of contributory negligence by refusing plaintiff's tendered jury instructions numbered 10, 12 and 13. Plaintiff alleges that his instruction No. 10 stated that it was not a defense that he may have failed to use his front brake; No. 12 told the jury not to consider any negligence by him as a defense to the case; and No. 13 informed the jury that his conduct was not an issue in the case.

Defendants and Wagner argue that this court should not consider plaintiff's claim of error pertaining to these or the proximate cause jury instructions because plaintiff waived these issues by failing to make the refused instructions a part of the record. We agree.

Section 2—1107(b) of the Code of Civil Procedure provides, *inter alia*, that "[t]he originals and copies of all instructions, whether given, modified or refused, shall be filed as a part of the proceedings in the cause." (Ill. Rev. Stat. 1981, ch. 110, par. 2—1107(b).) It has long been the rule that, to be available for review, all instructions must be abstracted and the party tendering them identified. (See *People v. Voda* (1979), 70 Ill. App. 3d 430; *Grommes v. Town of Aurora* (1962), 37 Ill. App. 2d 1.) Plaintiff has not placed into the record any of the instructions that he claims were erroneously rejected,

nor has he presented us with justification for not applying the waiver rule in this instance. Accordingly, plaintiff has waived these issues.

Likewise, plaintiff's contention that the trial court erred by refusing his tendered instruction on the legal presumption of self-preservation is waived for failure to include the instruction complained of in the record on appeal.

## III

■ Plaintiff's third contention is that the trial court erred by sustaining an objection to his closing argument and by refusing to give his tendered instruction. Plaintiff urges that he was not allowed to argue, at closing, that liability can be predicated upon a defect as evidenced by the product's failure to perform in the manner reasonably to be expected in light of its nature and intended function. He goes on to argue that this error was compounded by the trial court's refusal to give an instruction to this effect.

We find no merit to these contentions. The record reveals that plaintiff clearly was allowed to present his theory of liability to the jury in his closing argument. Indeed, plaintiff made the precise argument he now complains was precluded. As to plaintiff's claimed error in the refusal of the jury instruction, that argument is waived for failure to make the instruction a part of the record as required by section 2—1007(b) (Ill. Rev. Stat. 1981, ch. 110, par. 2—1107(b)).

## IV

■ The record reveals that plaintiff presented the testimony of Paul Tortorici, a motorcycle mechanic employed by defendant Lake Shore Harley Davidson, to establish that he had performed repairs on the rear brake system of plaintiff's motorcycle on June 9, 1977. Tortorici testified that plaintiff brought in the motorcycle, complaining of squealing and chattering when the rear brake was applied, and that he (Tortorici) attached a silencer to the brake. He further testified that the performance of the rear brake was not affected by the complained-of noisy condition of the brake or by the silencer he installed. To demonstrate that the silencer had corrected the noise without affecting the function of the rear brake system, defendant Lake Shore Harley Davidson presented an excerpt from the discovery deposition of plaintiff. This excerpt was offered to rebut any possible misimpression by the jury that the silencer could have played a role in the accident. Plaintiff's deposition testimony explained that he did not notice any problems with the rear brake when it left defendant's dealership on June 9, 1977.

Plaintiff, subsequently, attempted to admit another excerpt of his discovery deposition to establish that while he did not notice any problem with the brake on June 9, 1977, he did notice a problem with the brake on June 11, 1977. The portion of the deposition testimony plaintiff sought to introduce was his own description of the accident. More specifically, the statement declares that he applied both the front and rear brakes before the collision and that neither brake worked.

Plaintiff contends that the trial court erred by disallowing his offer of proof on the admissibility of his tendered excerpt. He relies on Supreme Court Rule 212(c) (107 Ill. 2d R. 212(c)) for the proposition that the fairness standard expressed in Supreme Court Rule 212(c) requires the admission of this portion of plaintiff's deposition as explanation.

Supreme Court Rule 212(c) provides as follows:

"If only a part of a deposition is read or used at the trial by a party, any other party may at that time read or use or require him to read any other part of the deposition which ought in fairness to be considered in connection with the part read or used." (107 Ill. 2d R. 212(c).)

Thus, the privilege to require additional portions of a deposition to be read is conditioned on the fairness test. The fairness standard of Rule 212(c) reflects the purpose of the rule, which is to prevent distortion that might occur when a party introduces isolated statements from a deposition into evidence. Before a party can force another party to read additional portions of a deposition, the trial court must first conclude that the additional statements are necessary to either explain or modify the statements originally introduced by the other party. (See *Pyse v. Byrd* (1983), 115 Ill. App. 3d 1003, 1007; *Dombrowski v. Laschinski* (1978), 67 Ill. App. 3d 506, 509.) We believe that the portions of the deposition testimony which plaintiff sought to read neither explained nor modified the excerpt defendant read. Therefore, it did not meet the fairness test required by Supreme Court Rule 212(c) and no error occurred.

## V

Plaintiff next raises the issue of whether the statement he claims to have been a spontaneous declaration was improperly excluded as hearsay. At trial, plaintiff attempted to offer the testimony of his father, Jack Tarshes. Jack's testimony would have related a conversation he had had with plaintiff, who, directly following plaintiff's emergence from surgery, stated that the motorcycle had no brakes.

■ Hearsay is generally defined as an out-of-court assertion offered to prove the truth of the matter asserted. While hearsay is generally not admissible, there are numerous exceptions to the rule; one of these exceptions is a "spontaneous declaration." "To be admitted under the spontaneous declaration exception to the hearsay rule, there must be (1) an occurrence sufficiently startling to produce a spontaneous and unreflecting statement; (2) absence of time to fabricate; and (3) the statement must relate to the circumstances of the occurrence." *People v. McNichols* (1986), 139 Ill. App. 3d 947, 954, citing *People v. Sanchez* (1982), 105 Ill. App. 3d 488, 491.

■ Plaintiff argues that the statement he made to his father was a spontaneous declaration despite the seven-hour interval between the occurrence and the comment. He relies on *McNichols* for the proposition that the declaration need not necessarily be strictly contemporaneous with the excited stimulus in order to fulfill the "absence of time to fabricate" requirement. His reliance on *McNichols* and its progeny is misplaced. These cases deal exclusively with declarations by young victims of sexual abuse. We have recognized a general liberalization of the spontaneous declaration exception in its application to the statements of children. (See *In re Marriage of Theis* (1984), 121 Ill. App. 3d 1092, 1097.) Such is not the situation before us.

Nevertheless, where we apply a liberalized test to determine whether an opportunity to fabricate existed, it is incumbent upon plaintiff to establish that no opportunity for reflection and invention existed. Such a determination lies within the sound discretion of the trial court. (*People v. Washington* (1984), 127 Ill. App. 3d 365, 385.) Plaintiff claims that prior to surgery he was in shock. No medical testimony was offered to corroborate this assertion. Furthermore, the record reveals that plaintiff conversed with various individuals at the scene of the accident for approximately one-half hour. Therefore, we find no abuse of discretion by the trial court.

Plaintiff continues by arguing that Illinois has recognized a relaxation of the hearsay rule when the declarant is dead and other evidence is not available. He cites *Perzovsky v. Chicago Transit Authority* (1974), 23 Ill. App. 3d 896, for support of this argument. However, plaintiff is mistaken.

In *Perzovsky*, decedent's statement to the ambulance attendant was found admissible over a hearsay objection. While that statement may have been admissible as a spontaneous declaration, that issue was not decided. The court found that the statement was not offered to prove its truth, thus removing it from the hearsay rule and mak-

ing it admissible as part of the *res gestae* of the case.

In the instant case, plaintiff's statement was offered to prove its truth and is hearsay. It further does not satisfy the "absence of time to fabricate" test to be admissible under the spontaneous declaration exception. Accordingly, we find the trial court properly excluded the statement as hearsay.

## VI

■■■ During the trial, a substantial amount of contradictory expert testimony was presented concerning the shrinkage or swelling of the rubber cups and O rings used in the brake system when exposed to polyglycol based brake fluid, categorized as DOT 3 fluid. Plaintiff alleged that a rubber cup and O ring in the rear brake mechanism shrank in the presence of DOT 3 fluid, thereby losing the seal between these rubber parts and the metal chambers in which they move, permitting the brake fluid to leak and allegedly causing the brakes to fail. In the opening statement, Wagner's counsel summarized the evidence Wagner would present to demonstrate that the rubber components in its brake system cannot shrink in DOT 3 brake fluid.

Plaintiff contends that the trial court improperly allowed Wagner to argue in its opening statement that it had experienced due care in producing its rear brake system. In reviewing the record, however, it is apparent that plaintiff did not object to Wagner's opening statements. Accordingly, we conclude that this question was not preserved for appeal.

## VIII

■■■ During the course of the trial, it was further established that the rubber parts in the rear brake system of plaintiff's motorcycle were made of styrene-butadiene rubber (hereinafter SBR). Wagner's expert chemist, Rolland Brown, testified that he had never heard of an instance of an SBR component shrinking in the presence of DOT 3 fluid. He further stated that the rubber's chemical characteristics caused it to absorb fluid and swell.

Plaintiff attempted to impeach Brown's testimony by cross-examining him about rubber swell tests Wagner had performed on rubber parts distributed by a different manufacturer, Kelsey-Hayes. The trial court disallowed this line of questioning when plaintiff failed to establish that the Kelsey-Hayes rubber parts were made of SBR. Plaintiff contends that this limitation of his cross-examination of Brown was erroneous.

To admit experimental evidence, it is the burden of its proponent to show that the essential conditions were the same as those at the time of the accident. (*Kent v. Knox Motor Service, Inc.* (1981), 95 Ill. App. 3d 223, 225.) Given plaintiff's failure to meet this burden, we find no abuse of discretion by the trial court.

## IX

█ Plaintiff next argues that the trial court erroneously found his exhibits Nos. 3 through 6 irrelevant and inadmissible. We note first that plaintiff's exhibit No. 6 was admitted into evidence. Further, plaintiff failed to make his exhibits Nos. 3, 4 and 5 a part of the record. "It is the responsibility of appellant to see that the record is complete, to enable the reviewing court to resolve the questions raised [citation] ***." (*Coombs v. Wisconsin National Life Insurance Co.* (1982), 111 Ill. App. 3d 745, 746.) Plaintiff has not met this responsibility. Therefore, we are unable to ascertain the accuracy of his position.

## X

█ Plaintiff summarily lists six errors which he claims, taken together, warrant a new trial. These issues are merely listed in his brief on appeal in summary fashion in derogation of Supreme Court Rule 341(e)(7) (107 Ill. 2d R. 341(e)(7)). In view of plaintiff's failure to comply with this rule, we shall consider these arguments waived.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

McMORROW and LINN, JJ., concur.