*In re* ESTATE OF NICHOLAS FRANK GIGANTI, Deceased (Robert Carl Giganti, Petitioner-Appellant, v. Hilda Giganti, Ex'r, Respondent-Appellee).

Fourth District   No. 4—91—0916

Opinion filed June 29, 1992.

Michael W. Ochoa and Robert Weiner, both of Springfield, for appellant.

Francis J. Giganti, of Morse, Giganti & Appleton, of Springfield, for appellee.

JUSTICE LUND delivered the opinion of the court:

This is an appeal from an order of the circuit court of Sangamon County, holding that a death benefit payable by the State Employees' Retirement System of Illinois (Retirement System) for Nicholas Frank Giganti (decedent) belonged to Hilda Giganti as the person nominated by written direction to the Retirement System, rather than to Hilda Giganti in her capacity as trustee under the will of decedent.

## FACTS

The decedent had been an employee of the State of Illinois and a member of the Retirement System. On August 15, 1989, he changed the beneficiaries of death benefits payable from the Retirement System from his parents to his sister-in-law, Hilda Giganti. On November 21, 1989, Nicholas executed a will naming Hilda executor of his estate and trustee of his net estate. The trust was for the benefit of Robert Carl Giganti (Carl), decedent's only child. Decedent died on November 28, 1989. The Retirement System death benefit totaled $64,782.79 and was paid to Hilda.

A petition for direction was filed, asking whether Hilda held the funds for her own use or as trustee for the benefit of Carl. The trial court ruled that the funds belonged to "Hilda Giganti *** in her personal capacity and not as trustee."

The evidence at the hearing indicated that Hilda was the wife of Nicholas' brother and had been for 35 years. Both Hilda and the brother had helped decedent when he was in college. Carl was born March 31, 1973, and his father and mother subsequently divorced. Argument was made that the facts should create a presumption that death benefits from the Retirement System were intended to be part of the trust.

The applicable provision of the Illinois Pension Code (Code) is section 14—117, which provides:

"Nonoccupational death benefit—Death after retirement. Upon death of a retired member, unless a reversionary annuity,

widow's annuity or survivors annuity is payable, a death benefit shall be payable to such person as the member shall have nominated by written direction duly acknowledged and filed with the board or if no such nomination, to the estate of the member. Such benefit shall consist of the excess, if any, of the member's accumulated contributions plus credited interest still remaining in the system at the time of retirement, over the total amount of all retirement annuity payments received by the member prior to death subject to a minimum payment of $500." Ill. Rev. Stat. 1989, ch. 108½, par. 14—117.

Section 4—5 of the Probate Act of 1975 (Act) provides, in relevant part:

"Insurance and death benefits payable to testamentary trustee. A person having the right to designate a beneficiary of benefits payable under any insurance, annuity or endowment contract (including any agreement issued or entered into by an insurance company in connection therewith, supplemental thereto or in settlement thereof), or the right to designate the beneficiary of benefits payable upon or after the death of a person under any pension, retirement, death benefit, deferred compensation, employment, agency, stock bonus or profit sharing contract, plan, system or trust, may designate as a beneficiary a trustee named or to be named in his will whether or not the will is in existence at the time of the designation. The benefits received by the trustee shall be held and disposed of as part of the trust estate under the terms of the will." Ill. Rev. Stat. 1989, ch. 110½, par. 4—5.

However, there is no evidence that the direction to the Retirement System made any reference to Hilda as trustee. Section 4—5 of the Act was, thus, not applicable because there was no designation to a "trustee," the designation being to Hilda, without limitation.

■■ We do not find section 4—5 of the Act to be ambiguous. It applies where insurance polices, annuity contracts, endowment contracts, and pension, retirement, and other benefits specifically listed provide for payments to beneficiaries designated as trustees. The title to the paragraph is "Insurance and death benefits payable to testamentary trustee." We hold that an interpretation of this section as including a trustee status when not so specified in the policy or pension agreement would be a strained one.

We also find no reason to give a strained interpretation to section 14—117 of the Code. The benefit gives to the "person" nominated by written direction, or to the member's estate. To bring section 4—5 of

the Act into play, the named beneficiary under section 14—117 of the Code must be referred to in the designation as "testamentary trustee" or "trustee."

The authorities cited by both petitioner and respondent fail to provide substantial assistance in resolving this matter. It may well be that this is the first time the problem has arisen concerning a section 14—117 of the Code benefit.

We have some concern because there is an absence of authority furnished our court as to the possibility of extrinsic evidence justifying changing the designation of the section 14—117 beneficiary. Petitioner does cite *In re Estate of Reiman* (1983), 115 Ill. App. 3d 879, 450 N.E.2d 928. That case states the following:

> "The rules governing the admission of extrinsic evidence to aid in the construction of a will are well settled in this State, the crucial determination in each case being whether as a matter of law the will is ambiguous, necessitating extrinsic evidence." (*Reiman*, 115 Ill. App. 3d at 885, 450 N.E.2d at 932.)

This same rule applies to contracts. See *Chicago Investment Corp. v. Dolins* (1981), 93 Ill. App. 3d 971, 418 N.E.2d 59; 12A Ill. L. & Prac. *Contracts* §265 (1983).

■ However, there is no ambiguity in either the death benefit nomination or in the will. The death benefit nomination is specific and says nothing about the estate or testamentary trust. The will is specific, the executor is named, the trust is established, and there is no reference to the Retirement System death benefit.

Under the facts before us, we hold that it would have been improper for the trial court to speculate what the decedent intended. The designation of beneficiary to the Retirement System controls.

Affirmed.

GREEN, P.J., and McCULLOUGH, J., concur.