*In re* ESTATE OF GENEVIEVE ROMANOWSKI, Deceased.

First District (5th Division)   No. 1—00—3376

Opinion filed March 29, 2002.

Terry P. Eland, of Bloomingdale, for appellants.

FagelHaber L.L.C., of Chicago (Richard H. Chapman and Jamie B. Schwartz, of counsel), for appellee.

JUSTICE QUINN delivered the opinion of the court:

Before she died, Genevieve Romanowski gave her daughter Evelyn Wall power of attorney in a statutory short form power of attorney. Evelyn, acting in that capacity, deeded a piece of commercial property into trust, designating Genevieve beneficiary of that trust, and herself and her daughter, Eileen Wall, as the contingent beneficiaries. When Genevieve died, the property was sold with Evelyn and Eileen retaining the proceeds of the sale. Edward, Genevieve's son, filed a petition for letters of administration which was granted over objection. The estate filed a motion for summary determination of major issues of respondent's liability on petition to recover property. The trial court found in favor of the estate, ordering Evelyn and Eileen (the Walls) to turn over all of the proceeds from the sale to the estate. The Walls now timely appeal from that order. No questions are raised on the pleadings.

On appeal, the Walls argue that: (1) the trial court erred in finding there existed no genuine issue of material fact in dispute; (2) the trial court erred in finding Evelyn Wall acted beyond the scope of the power of attorney; and (3) the trial court erred in declaring void the designation of Evelyn and Eileen Wall as contingent beneficiaries. For the reasons that follow, we affirm.

## I. STATEMENT OF FACTS

On January 10, 1993, Genevieve Romanowski executed a statutory short form power of attorney designating her daughter, Evelyn Wall, as her agent for property matters. The statutory short form power of attorney was signed by both Genevieve and Evelyn. No specific limitations or expansions were designated by Genevieve in the spaces provided on the form.

Genevieve owned various assets, one of which included a rent-producing, multiple-unit, residential and commercial building in

Chicago. On March 25, 1993, Evelyn, acting under the power of attorney, executed a land trust agreement, creating trust No. 3189, with the First National Bank of LaGrange. Evelyn executed a deed in trust, conveying the building into the trust. Evelyn designated Genevieve as the beneficiary of the land trust and designated herself and her daughter, Eileen Wall, as the only contingent beneficiaries upon the death of Genevieve.

On May 13, 1997, Genevieve died leaving no will. Genevieve was survived by her four children, Edward Romanowski, John Romanowski, Nancy Scymczak and Evelyn Wall. On September 29, 1998, Evelyn directed the trust to sell the building. As the trust's purported contingent beneficiaries, Evelyn and Eileen received and retained the proceeds from the building sale. The proceeds totaled $569,722.64.

On January 11, 1999, Edward filed a petition for letters of administration. Evelyn filed a cross-petition for letters of administration, asserting that she sold the building and retained the proceeds in accordance with the power of attorney and, therefore, no letters should be issued because there were no debts or property to administer. On January 29, 1999, the trial court granted Edward's petition and letters of administration were issued.

On February 16, 1999, as independent administrator of Genevieve's estate, Edward filed a petition for citations for recovery of property. The petition requested that Evelyn turn over the proceeds from the sale of the building. In August of 1999, the trial court preliminarily enjoined Evelyn from transferring or dissipating the funds from the sale. On October 4, 1999, Evelyn filed a responsive pleading to the petition. On May 10, 2000, the estate then filed a motion for summary determination of the major issue of respondent's liability on the petition to recover property.

On August 9, 2000, the motion for summary determination proceeded to hearing. The trial court found that Evelyn exceeded the scope of her agency authority. The court found that Evelyn did not have the authority to designate herself and Eileen as contingent beneficiaries of the trust and, therefore, declared the designation void. The court ordered that the proceeds of the sale of the building were property of the estate. Evelyn now timely appeals.

## II. ANALYSIS

■ Summary judgment is proper when the pleadings, depositions, admissions on file and any affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1998). The interpretation of a formal power of attorney and the effect of relevant statutory pro-

visions on the powers granted the agent named therein are questions of law that are appropriately decided on a motion for summary judgment. *Wirtz Realty Corp. v. Freund*, 308 Ill. App. 3d 866, 873, 721 N.E.2d 589 (1999). The standard of review on a summary judgment ruling involving statutory interpretation is *de novo*. *King v. Industrial Comm'n*, 189 Ill. 2d 167, 171, 724 N.E.2d 896 (2000).

Evelyn argues that the trial court erred in finding that there existed no genuine issue of material fact in dispute. Specifically, Evelyn maintains that the intent of Genevieve with regard to the building was a disputed issue of material fact. Evelyn argues in her brief that the "repeated implications contained in the motion for summary determination as to what Genevieve wanted to accomplish, versus what she allegedly did accomplish by executing the Power of Attorney, go to Genevieve's intent, which is a genuine issue of material fact in dispute between the parties."

■ For the purposes of appeal, this argument is waived. A party claiming he has not been given the opportunity to prove his case must provide a reviewing court with an adequate offer of proof as to what the excluded evidence would have been. *Chicago Park District v. Richardson*, 220 Ill. App. 3d 696, 701, 581 N.E.2d 97 (1991). The purpose of an offer of proof is to disclose the nature of the offered evidence for the information of the trial judge and opposing counsel, and to allow the reviewing court to determine whether exclusion was erroneous and harmful. *Wright v. Stokes*, 167 Ill. App. 3d 887, 522 N.E.2d 308 (1988). "To be adequate, an offer of proof must apprise the trial court of what the offered evidence is or what the expected testimony will be, by whom it will be presented and its purpose." *Chicago Park District v. Richardson*, 220 Ill. App. 3d at 701. In the absence of an offer of proof, the issue of whether evidence was improperly excluded will be deemed waived. *Tarshes v. Lake Shore Harley Davidson*, 171 Ill. App. 3d 143, 524 N.E.2d 1136 (1988).

■ In this case, Evelyn is essentially complaining that she was not allowed to prove her case where the trial court prevented her from introducing evidence as to Genevieve's intent. This argument is not persuasive where Evelyn failed to file a verified answer to the motion for summary determination on the petition to recover property. Although Evelyn had generally argued in her pleadings that Genevieve intended to name Evelyn and Eileen as contingent beneficiaries, she did not file an affidavit or offer of proof as to the evidence from which that intent could be ascertained. In fact, the only evidence introduced to support this assertion was Evelyn's statement in a responsive pleading that the trust officer at the bank contacted Genevieve and confirmed that she did wish to have the trust established and to have

Evelyn and Eileen named contingent beneficiaries. However, Evelyn never tendered an affidavit of the officer attesting to such or sought to call him as a witness to make an offer of proof. By failing to make adequate offers of proof on this issue, Evelyn cannot complain that the trial court erred in failing to admit evidence. Based on the record before us, we can only speculate whether Evelyn was prejudiced by the failure to admit evidence of Genevieve's intent, and therefore Evelyn's argument is waived.

■ Even were the argument not deemed waived, the trial court did not commit reversible error in granting the motion for summary determination. A written power of attorney must be strictly construed so as to reflect the " 'clear and obvious intent of the parties.' " *Amcore Bank, N.A. v. Hahnaman-Albrecht, Inc.*, 326 Ill. App. 3d 126, 135, 759 N.E.2d 174, 182 (2001), quoting *Fort Dearborn Life Insurance Co. v. Holcomb*, 316 Ill. App. 3d 485, 499 (2000). In the case at bar, Genevieve Romanowski utilized the statutory short form power of attorney in appointing Evelyn as her agent. The instrument at issue provided:

"POWER OF ATTORNEY made this <u>10th</u> day of <u>January</u> (month) <u>1993</u> (year)

1. I, <u>Genevieve Romanowski 1619 West North Avenue Chicago, IL 60622,</u> (insert name and address of principal) hereby appoint:

<u>Evelyn Wall 146 North Drexel, La Grange, IL 60525</u> (insert name and address of agent)

as my attorney-in-fact (my agent) to act for me and in my name (in any way I could act in person) with respect to the following powers, as defined in Section 3—4 of the 'Statutory Short Form Power of Attorney for Property Law' (including all amendments), but subject to any limitations on or additions to the specified powers inserted in paragraph 2 or 3 below:

(YOU MUST STRIKE OUT ANY ONE OR MORE OF THE FOLLOWING CATEGORIES OF POWERS YOU DO NOT WANT YOUR AGENT TO HAVE. FAILURE TO STRIKE THE TITLE OF ANY CATEGORY WILL CAUSE THE POWERS DESCRIBED IN THAT CATEGORY TO BE GRANTED TO THE AGENT. TO STRIKE OUT A CATEGORY YOU MUST DRAW A LINE THROUGH THE TITLE OF THAT CATEGORY.)

(a) Real estate transactions.

(b) Financial institution transactions.

(c) Stock and bond transactions.

(d) Tangible personal property transactions.

(e) Safe deposit box transactions.

(f) Insurance and annuity transactions.

(g) Retirement plan transactions.

(h) Social Security, employment and military service benefits.

(i) Tax matters.
(j) Claims and litigation.
(k) Commodity and option transactions.
(l) Business operations.
(m) Borrowing transactions.
(n) Estate transactions.
(o) All other property powers and transactions.
(LIMITATIONS ON AND ADDITIONS TO THE AGENT'S POW-
ERS MAY BE INCLUDED IN THIS POWER OF ATTORNEY IF
THEY ARE SPECIFICALLY DESCRIBED BELOW.)
2. The powers granted above shall not include the following powers
or shall be modified or limited in the following particulars (here
you may include any specific limitations you deem appropriate,
such as a prohibition or conditions on the sale of particular stock
or real estate or special rules on borrowing by the agent):

_____
_____
_____
_____

3. In addition to the powers granted above, I grant my agent the
following powers (here you may add any other delegable powers
including, without limitation, power to make gifts, exercise powers
of appointment, name or change beneficiaries or joint tenants or
revoke or amend any trust specifically referred to below):

_____
_____
_____
_____."

The standardized form, as provided by section 3 of the Statutory Short
Form Power of Attorney for Property Law (Short Form Act) (755 ILCS
45/3 (West 1998)), provided a space under paragraph 2 where specific
limitations on the power of attorney can be enumerated and a space
under paragraph 3 where additional powers can be given. Both the
space provided under paragraph 2 and the space provided under
paragraph 3 were left blank on the form at issue in this case. Gene-
vieve's statutory short form power of attorney was clear and
unambiguous. Paragraph 3 provided that if the principal wished to
grant the agent the power to name a beneficiary, such a grant should
be added in the space provided. In determining Genevieve's intent
with regard to the designating of contingent beneficiaries, the court
correctly strictly construed the written power of attorney and
considered the fact that the space under paragraph 3 was left blank.

■ Genevieve's alleged oral representation to the trust officer that she agreed with the creation of the trust and the designation of contingent beneficiaries would have been inadmissible evidence of assent to the delegation of trust beneficiaries. As the estate recognizes, the parol evidence rule precludes a party from introducing or relying upon evidence of a party's intention in entering into a written agreement where that agreement is unambiguous.

■ Looking to the tenets of Illinois probate law, it is fundamental that any disposition by way of verbal guidelines is prohibited by the Probate Act of 1975 (Probate Act) (755 ILCS 5/1—1 *et seq.* (West 1998)). *In re Estate of Reiman*, 115 Ill. App. 3d 879, 881, 450 N.E.2d 928 (1983). Section 4—3(a) of the Probate Act provides that every will must be in writing and signed by the testator. *In re Estate of Koziol*, 236 Ill. App. 3d 478, 603 N.E.2d 60 (1992). " 'The rules governing the admission of extrinsic evidence to aid in the construction of a will are well settled in this State, the crucial determination in each case being whether as a matter of law the will is ambiguous, necessitating extrinsic evidence.' [Citation.]" *In re Estate of Giganti*, 231 Ill. App. 3d 828, 831, 596 N.E.2d 1224 (1992). This same rule applies to contracts. *Chicago Investment Corp. v. Dolins*, 93 Ill. App. 3d 971, 418 N.E.2d 59 (1981). In Illinois, contract interpretation follows the "four corners" doctrine, so that we look only to the language of the contract to determine if it is susceptible to more than one meaning. *Air Safety, Inc. v. Teachers Realty Corp.*, 185 Ill. 2d 457, 462, 706 N.E.2d 882, 885 (1999). A party does not create an ambiguity and thereby open the door to extrinsic evidence merely by offering evidence that the testator did not intend to say what is otherwise clearly stated in a will. *Coussee v. Estate of Efston*, 262 Ill. App. 3d 419, 425-26, 633 N.E.2d 815 (1994).

■ While no Illinois cases are directly on point, in light of the tenets of law governing testamentary dispositions and contracts, we hold that it is improper to admit oral evidence as to the delegation of contingent beneficiaries of a trust through a power of attorney when it appears the same is governed by an unambiguous written agreement in existence. The decision in *Estate of Huston v. Greene*, 51 Cal. App. 4th 1721, 1727, 60 Cal. Rptr. 2d 217, 221 (1997), offers guidance on this issue. As the California court of appeals held:

> " 'A power of attorney is a written authorization to an agent to perform specified acts on behalf of the principal. [Citation.] The rights and liabilities created by the exercise of such authority are centered in the law of agency. [Citation.]' [Citation.] Ratification of an agent's act 'can be made only in the manner that would have been necessary to confer an original authority for the act ratified...'

[Citation.] Because a power of attorney must be in writing, any act performed by the agent acting under the power of attorney must therefore be ratified in writing to be valid." 51 Cal. App. 4th at 1727, 60 Cal. Rptr. at 221.

Therefore, because the short form was in writing and was unambiguous, Genevieve's purported oral assent is not admissible evidence to establish her intent that Evelyn have authority to name contingent beneficiaries to the trust. For these reasons, we hold that the trial court properly granted summary judgment to the estate.

■ Evelyn next argues that the trial court erred in finding that she acted beyond the scope of her agency authority in designating herself and her daughter, Eileen, as contingent beneficiaries to the land trust. She maintains that these designations were permissible under the language of the Illinois Power of Attorney Act (Act) (755 ILCS 45/1—1 *et seq.* (West 1998)).

In 1987 the Illinois legislature enacted the Illinois Power of Attorney Act. Under the Act, a power of attorney can be designated through a short form power of attorney. The statutory short form was enacted with the purpose that "the public interest requires a standardized form of power of attorney that individuals may use to authorize an agent to act for them in dealing with their property and financial affairs." 755 ILCS 45/3—1 (West 1998). The Act further provides that "[a] short statutory form offering a set of optional powers is necessary so that the individual may design the power of attorney best suited to his or her needs in a simple fashion and be assured that the agent's authority will be honored by third parties with whom the agent deals, regardless of the physical or mental condition of the principal at the time the power is exercised." 755 ILCS 45/3—1 (West 1998). The portions of the statute relevant to this case provide:

"§ 3—4. Explanation of powers granted in the statutory short form power of attorney for property. This Section defines each category of powers listed in the statutory short form power of attorney for property and the effect of granting powers to an agent.*** The agent will have authority to exercise each granted power for and in the name of the principal with respect to all of the principal's interests in every type of property or transaction covered by the granted power at the time of exercise *** but the agent will not have power under any of the statutory categories (a) through (o) to make gifts of the principal's property, to exercise powers to appoint to others or to change any beneficiary whom the principal has designated to take the principal's interests at death under any will, trust, joint tenancy, beneficiary form or contractual arrangement.***

(a) Real estate transactions. The agent is authorized to: buy, sell,

exchange, rent and lease real estate (which term includes, without limitation, real estate subject to a land trust and all beneficial interests in and powers of direction under any land trust); collect all rent, sale proceeds and earnings from real estate; convey, assign and accept title to \*\*\* trusts and exercise all powers under land trusts \*\*\*.

\* \* \*

(n) Estate transactions. The agent is authorized to: accept, receipt for, exercise, release, reject, renounce, assign, disclaim, demand, sue for, claim and recover any legacy, bequest, devise, gift or other property interest or payment due or payable to or for the principal; assert any interest in and exercise any power over any trust, estate or property subject to fiduciary control; establish a revocable trust solely for the benefit of the principal that terminates at the death of the principal and is then distributable to the legal representative of the estate of the principal \*\*\* provided, however, that the agent may not make or change a will and may not revoke or amend a trust revocable or amendable by the principal or require the trustee of any trust for the benefit of the principal to pay income or principal to the agent unless specific authority to that end is given, and specific reference to the trust is made, in the statutory property power form." 755 ILCS 45/3—4 (West 1998).

In interpreting the Act, we hold that Evelyn exceeded her scope of authority as Genevieve's agent in naming herself and her daughter as contingent beneficiaries of the trust. In *Fort Dearborn Life Insurance Co. v. Holcomb*, 316 Ill. App. 3d 485, 496, 736 N.E.2d 578 (2000), this court noted that the omission of paragraph 3 from a power of attorney form evinces an intent by the principal that his agent not be granted any additional powers, "such as the power to name or change beneficiaries." (Emphasis omitted.) In that case, Paul Downing appointed his wife Susan as his agent in a document entitled "Power of Attorney." After this appointment, Paul and Susan began experiencing marital problems. A dissolution of marriage was pending when Paul died. Paul was named the insured on two life insurance policies issued by the Fort Dearborn Life Insurance Company. Shortly before Paul died, Susan executed change of beneficiary forms naming herself as sole beneficiary of the policies. In holding that Susan, as an agent, could not name herself as the beneficiary of her estranged husband's life insurance policy, this court noted "[a] written power of attorney must be strictly construed so as to reflect the 'clear and obvious intent of the parties.' [Citation.]" *Fort Dearborn Life Insurance Co. v. Holcomb*, 316 Ill. App. 3d at 499.

In applying this analysis to the case at bar, we again acknowledge

that Genevieve left the space for providing additional powers under paragraph 3 blank. Paragraph 3 provides that "in addition to the powers granted above, I grant my agent the following powers (here you add any other delegable powers including, without limitations, power to make gifts, exercise powers of appointment, name or change beneficiaries or joint tenants or revoke or amend any trust specifically referred to below)." Genevieve did not specify under paragraph 3 of the statutory short form that Evelyn had the power to make a designation of contingent beneficiary to the land trust. As the trial court stated during the hearing on the preliminary injunction:

> "The Power of Attorney Act very specifically states that you have all of these powers, A through O, and they're very broad powers, but that included in those powers is not the authority to change any disposition, to change a joint-tenancy account, a payment-on-death account, a trust, anything."

Genevieve's failure to specifically enumerate any additional powers under paragraph 3 evinced an intent that Evelyn not be granted the power to name or change beneficiaries to the trust. *Fort Dearborn Life Insurance Co. v. Holcomb*, 316 Ill. App. 3d at 496.

The Walls argue that the language in subsection 3—4(a) addressing land trusts allowed Evelyn to name the contingent beneficiaries to the trust in question. We disagree. As previously stated, section 3—4 states that "the agent will not have power under any of the statutory categories (a) through (o) to make gifts of the principal's property, to exercise powers to appoint to others or to change any beneficiary whom the principal has designated to take the principal's interests at death under any will, trust, joint tenancy, beneficiary form or contractual arrangement." 755 ILCS 45/3—4 (West 1998). While subsection (a) does permit the creation of a land trust, it does not permit distribution of that land trust. The Walls' interpretation of subsection (a) directly conflicts with subsection 3—4(n)'s provision that *"[t]he agent is authorized to *** establish a revocable trust solely for the benefit of the principal that terminates at the death of the principal and is then distributable to the legal representative of the estate of the principal."* (Emphasis added.) 755 ILCS 45/3—4(n) (West 1998). When Evelyn set up the trust that is the subject of this case, subsection 3—4(n) authorized her to set up a revocable trust for the sole benefit of Genevieve which was to terminate upon Genevieve's death. However, that subsection of the Act also provided that Evelyn only had the authority to make the trust distributable to the legal representative of the estate upon Genevieve's death. To hold that subsection (a) allows the agent to name any person as a contingent beneficiary of a trust would be wholly inconsistent with subsection (n). In

interpreting a statute, courts must read the statute as a whole and in a manner that makes its provisions consistent with other statutes. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 634 N.E.2d 712 (1994).

We hold that, when read in conjunction with one another, sections 3—4(a) and 3—4(n) of the Act require that, for an agent to possess the power to name or change contingent beneficiaries under the Act, the power of attorney form must specifically state that the agent has such powers. While Illinois state case law is sparse on this issue, the District Court for the Northern District of Illinois, interpreting Illinois law, has supported this interpretation. In *Taylor v. Kemper Financial Services, Co.*, No. 98 C 0929 (N.D. Ill. 1999), the district court held that an agent does not have the power to change any beneficiary whom the principal has designated to take the principal's interests at death, unless the power to do so has been written in paragraph 3 of the statutory short form. In that case, since the space below paragraph 3 was left blank, the court strictly construed the power of attorney when concluding that the form did not reflect a clear intent to grant the agent authority to change the named beneficiary.

At the hearing on the preliminary injunction below, the trial court did express a passing concern that subsection 3—4(n) of the Act was "talking about dealing with an inter vivos trust, a trust where there is principal and income," and not necessarily a land trust. However, as case law illustrates, the owner of a beneficial interest in a land trust is accorded basic powers, two of which are to receive all income generated by the properties and to receive the proceeds of any sale of the property. *In re Estate of Crooks*, 266 Ill. App. 3d 715, 722, 638 N.E.2d 729 (1994). Land trusts are regarded, therefore, as income-producing trusts as well and, as a result, the provisions of subsection 3—4(n) logically also apply to land trusts. In addition, the court in *Payne v. River Forest State Bank & Trust Co.*, 81 Ill. App. 3d 1128, 1135, 401 N.E.2d 1229 (1980), quoting *Schumann-Heink v. Folsom*, 328 Ill. 321, 327 (1927), noted, in applying the trust principles articulated in cases involving *inter vivos* trusts to a case involving a land trust, " '[b]ecause a new use is being made of the trust does not mean new principles of law are to be applied in determining the rights of the trustee [or] the *cestuis que* trust.' " Consequently we hold that the language of subsection 3—4(n) applies to land trusts as well.

Evelyn makes a final argument that the application of section 3—4 is limited in that it "clearly refers to designations made prior to appointment of an agent pursuant to power of attorney." However, Evelyn has cited no case law supporting the notion that section 3—4 only applies to existing estate plans, trusts and testamentary disposi-

tions. On the contrary, since the Act creates the general power of an agent to create a trust, logic dictates that the guidelines in the Act would not be limited only to trusts created before designation of the power of attorney. A plain reading of the Act grants the agent the power to create trusts but prohibits the agent from naming himself or herself as a beneficiary (contingent or otherwise) without specific authority. Further, paragraph 3 of the instrument in question specifically states that if the principal wants the agent to have the power to name beneficiaries, the principal should specifically list that power in the space provided. As this space was left blank by the principal, the trial court correctly ruled that the agent's designation of herself and her daughter as contingent beneficiaries was void.

For the foregoing reasons we affirm the decision of the trial court.

Affirmed.

GREIMAN and REID, JJ., concur.