CHICAGO PARK DISTRICT, Plaintiff-Appellee, v. PRINCE ERICK RICHARDSON, Defendant-Appellant.

First District (4th Division) No. 1—89—2907

Opinion filed September 26, 1991.—Rehearing denied October 31, 1991.

Michael H. Cole & Associates, of Chicago, for appellant.

James C. Murray, Jr., and Frank J. Saibert, both of Katten, Muchin & Zavis, of Chicago, for appellee.

JUSTICE McMORROW delivered the opinion of the court:

Defendant, Prince Erick Richardson (Richardson), appeals from summary judgment for plaintiff, the Chicago Park District (the District), ruling that the parties had entered into a binding and enforceable contract of settlement of Richardson's claims against the District and ordering Richardson to execute the agreement and claims release. On appeal, Richardson contends that the court improperly denied his motion for leave to file a counteraffidavit in opposition to the District's motion for summary judgment, and that

the court therefore erred in granting summary judgment for the District.

In January 1986, the District filed a declaratory judgment action for a declaration that, under "An Act relating to the civil service in park systems" (the Illinois Civil Service in Parks Act) (Ill. Rev. Stat. 1985, ch. 24½, par. 78 *et seq.*) the District was required to administer a civil service examination for the position of Class II Animal Keeper. Pursuant to the judgment entered in the declaratory judgment suit on July 15, 1986, an examination was given in November 1986. Richardson, employed by the District as a zookeeper, took the examination, and, in July 1987, was notified that he failed it.

In January 1988, the trial court entered an order (a) declaring that the District had complied with the July 1986 judgment and (b) ruling that any persons objecting to the manner, method or rating of the examination for the position of Class II Animal Keeper state those objections on or before March 14, 1988. On March 17, 1988, attorney Sally Stix filed her appearance on behalf of Richardson. On March 29, 1988, after dismissing all other defendants, the trial court granted Richardson leave to intervene as a supplemental defendant. Richardson then filed a counterclaim against the District alleging, *inter alia,* that the examination was not competitive, fair or practical; that it did not bear a reasonable relationship to the duties and responsibilities of a Class II Animal Keeper; that it was improperly graded; and that it violated various statutes and ordinances. Richardson also filed a discrimination complaint with the Illinois Human Rights Commission.

After the District filed its answer in May 1988, discovery and settlement negotiations ensued. On August 30, 1988, Stix sent a settlement proposal to counsel for the District. The settlement agreement provided that Richardson would receive a specified amount of monetary compensation and be accorded civil service status. According to Stix's deposition, taken on June 15, 1989, the proposal was the product of two conversations she had with Richardson; he authorized her to submit the settlement proposal; and a copy of the letter in which it was transmitted to the District's counsel was sent to him.

Stix further testified that on September 8, 1988, the District's counsel met with her at her office to discuss discovery matters and her settlement proposal. The substance of the conversation at that meeting, including the District's rejection of her settlement proposal and the District's counteroffer to award only civil service sta-

tus to Richardson, was memorialized in a letter drafted by the District's counsel on September 9, 1988. Stix conveyed the counteroffer to Richardson, who rejected it.

On November 29, 1988, pursuant to two or three discussions with Richardson, and with his authorization, Stix sent counsel for the District a second written settlement proposal which contained a reduced demand for monetary compensation and civil service status for Richardson. A copy of the letter was also sent to Richardson.

On or about December 9, 1988, Stix received a written counteroffer from the District which proposed civil service status and $1,000 for attorney fees in return for Richardson's dismissal of this action and his Human Rights Commission complaint. Richardson met with Stix at her office on December 30, 1988, to discuss the District's offer. Stix advised Richardson that she believed it to be a fair offer and recommended that he accept it. Richardson agreed and authorized her to accept it on his behalf. Richardson remained in her office while she telephoned counsel for the District and advised him of Richardson's decision to accept the December 8 settlement offer. At no time during or after the telephone call that day did Richardson object to Stix's acceptance of it.

However, in mid-January 1989, Richardson advised Stix of his decision to reject the December 8 offer. On January 23, Stix sent Richardson a letter in which she reminded him that on December 30, 1988, he had agreed to accept the offer and that she had conveyed his acceptance to the District in his presence. She expressed problems she had with his decision not to honor the settlement agreement, outlined his options, and stated her decision to withdraw as his attorney. She had no further communication with Richardson regarding the settlement of his claims against the District.

On February 27, 1989, Stix appeared at the Illinois Human Rights Commission to withdraw as Richardson's attorney in his discrimination case against the District. While there, she informed counsel for the District of Richardson's decision not to execute the settlement agreement they had reached. The following week Stix also filed a motion to withdraw as Richardson's attorney in the case at bar, which was granted; and, on March 23, 1989, Richardson's substitute counsel filed his appearance in this case.

On March 24, 1989, the District tendered to Richardson's substitute attorney a $1,000 check payable to Richardson together with a "Settlement Agreement and General Release" of Richardson's

claims against the District. Richardson's attorney returned the check to the District on April 10, 1989.

The District thereafter amended its answer, raising settlement of the case as an affirmative defense. The District also filed a counterclaim against Richardson seeking enforcement of the settlement agreement reached on December 30, 1988, and a subpoena for the deposition of Stix. As noted above, Stix's deposition was taken on June 15, 1989; counsel for Richardson had been notified of the deposition but did not appear for the taking of it.

The District sought to depose Richardson regarding the existence of a settlement agreement, but counsel for Richardson refused, stating that Richardson had already been deposed in May 1988. The trial court granted the District's motion to compel Richardson's deposition, and Richardson and his attorney appeared for it on June 30, 1989. However, on the advice of counsel, Richardson invoked the attorney-client privilege and refused to answer any questions pertaining to his discussions with Stix.

On July 10, 1989, the District filed its motion for summary judgment. In its supporting memorandum, the District argued that the undisputed facts and evidence conclusively established that Richardson had voluntarily entered into a binding and enforceable contract of settlement with the District. The District also filed a motion to bar Richardson from filing a counteraffidavit or other evidentiary material in response to the motion for summary judgment. The trial court entered an order barring Richardson from filing a counteraffidavit without leave of court. In his July 25 answer to the District's counterclaim, Richardson denied the existence of a settlement agreement and invoked the attorney-client privilege in response to the District's allegations that Richardson had authorized Stix's acceptance of the settlement offer.

On August 16, 1989, Richardson moved for leave to file a counteraffidavit and for an extension of time to respond to the District's motion for summary judgment. At a hearing on the motion for leave to file a counteraffidavit, Richardson argued that the mere fact that he invoked the attorney-client privilege at his deposition should not prevent him from waiving the privilege in an affidavit, thereby raising an issue of material fact. Richardson's motion to file the counteraffidavit was denied, but he was granted additional time in which to file his response to the District's motion for summary judgment. In that response, Richardson denied that he authorized Stix to settle his cases and requested that the matter be set for trial.

A hearing on the motion for summary judgment was held on September 26, 1989. The trial court stated that it had reviewed all the pleadings, deposition testimony and other documents on file. After argument by counsel, the trial court granted the District's motion for summary judgment, finding that the parties had entered into a binding, enforceable contract of settlement. The court ordered Richardson to execute the settlement and release. Richardson's timely appeal followed.

OPINION

Richardson contends that the trial court improperly denied him his right to waive the attorney-client privilege when the court barred him from filing a counteraffidavit in opposition to the District's motion for summary judgment. Richardson correlatively argues that summary judgment should not have been granted because the court did not have all of the evidence before it on the issue of whether he authorized Stix to accept the settlement offer on his behalf. He maintains that the counteraffidavit would have raised a genuine issue of material fact requiring resolution by way of an evidentiary hearing.

The District asserts that Richardson has waived any appeal from the order barring his counteraffidavit because he did not submit a proposed affidavit or otherwise make an offer of proof concerning what the contents of the affidavit would have been. We agree.

■■ The purpose of an offer of proof is to disclose the nature of the offered evidence to which an objection is interposed for the information of the trial judge and opposing counsel, and to enable the reviewing court to determine whether the exclusion was erroneous and harmful. (*Wright v. Stokes* (1988), 167 Ill. App. 3d 887, 522 N.E.2d 308.) To be adequate, an offer of proof must apprise the trial court of what the offered evidence is or what the expected testimony will be, by whom it will be presented and its purpose (*Piano v. Davison* (1987), 157 Ill. App. 3d 649, 510 N.E.2d 1066.) Statements by counsel which are unsupported speculation, lacking in specificity or conclusory are insufficient to preserve the issue of the exclusion for review. (*Yassin v. Certified Grocers of Illinois, Inc.* (1986), 150 Ill. App. 3d 1052, 502 N.E.2d 315; *Mulhern v. Talk of the Town, Inc.* (1985), 138 Ill. App. 3d 829, 486 N.E.2d 385.) Thus, a party claiming he has not been given the opportunity to prove his case must provide a reviewing court with an adequate offer of proof of what the excluded evidence would have been. (*Lukas v.*

*Lightfoot* (1985), 131 Ill. App. 3d 566, 476 N.E.2d 1.) In the absence of an offer of proof, the issue of whether evidence was improperly excluded will be deemed waived. *Tarshes v. Lake Shore Harley Davidson* (1988), 171 Ill. App. 3d 143, 524 N.E.2d 1136.

 In the instant case, defense counsel did not submit a copy of the counteraffidavit he sought leave to file nor did he even orally inform the court what Richardson would assert in it. Counsel stated only that it was Richardson's position that he did not give Stix express authority to settle his case. Counsel's remarks were nothing more than a restatement of the essence of the suit, *i.e.*, that Richardson contested the District's claim that Stix had been given authority by him to enter into a settlement of his case, which was the ultimate issue to be resolved. Counsel's suggestion that Richardson's affidavit would raise a genuine issue of material fact was conclusory and unsupported by any indication as to what specific factual averments Richardson would rely upon. There is simply nothing in Richardson's motion to file a counteraffidavit, in the transcript of the hearing on the motion, or anywhere in the record which would serve as a sufficient basis upon which the trial court could have determined that Richardson had evidence to controvert the District's evidence of a binding settlement contract. Neither the trial court nor we may speculate as to what evidence a party might have proffered. Without an offer of proof, we are unable to determine whether the barring of Richardson's affidavit was erroneous or harmful. No offer of proof having been made, the issue of the propriety of the trial court's order barring Richardson's counteraffidavit has not been properly preserved for our review.

We do not agree with Richardson's assertion that by barring his affidavit, the trial court denied him his right to waive the attorney-client privilege. The record reveals that the trial court entered an order compelling Richardson to submit to a deposition after he refused to do so. Richardson appeared at the deposition but invoked the attorney-client privilege in response to every question posed pertaining to the issue of Stix's authority to enter into a settlement agreement with the District. In fact, even after the District moved for summary judgment, Richardson declined to waive the privilege. In his answer to the District's counterclaim, which he filed approximately two weeks after the motion for summary judgment had been filed, Richardson once again invoked the attorney-client privilege in response to the District's allegations that Richardson had authorized Stix to settle his case. Richardson had numerous opportunities throughout the discovery stage of this action to waive the privilege.

He chose not to do so. It was only after the District's discovery efforts were exhausted and the case was presented to the court for resolution that Richardson asserted his desire to waive the privilege by way of an affidavit which would be impervious to scrutiny or challenge by the District. The trial court did not prevent Richardson from waiving the attorney-client privilege.

■ For the same reasons, we find no merit in Richardson's assertion, unsupported in the record, that "[a]lthough the trial Judge did not state his reasons *** it can only logically be inferred" that the trial court barred the filing of Richardson's affidavit as "punishment" for his refusal to answer questions at his deposition.

■ We find that Richardson waived review of the order barring his counteraffidavit and that he was neither denied his right to waive the attorney-client privilege nor improperly "sanctioned" for invoking it. The entry of summary judgment in favor of plaintiff is, therefore, affirmed. Summary judgment should be entered without delay when the pleadings and evidence properly before the court show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005.) The uncontradicted deposition testimony of Richardson's attorney, Sally Stix, together with the written correspondence exhibits pertaining to the negotiations and settlement of Richardson's claims, establish that Richardson agreed to and conferred upon Sally Stix, his attorney, the authority to accept on his behalf the December 30, 1988, settlement offer; that she exercised that authority; and that a binding and enforceable settlement contract was thereby created.

For the reasons stated, we affirm the trial court's order granting summary judgment in favor of the District and ordering Richardson to execute the settlement agreement and release.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.