**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220448-U

Order filed February 22, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| JOYCE HAINES, | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Du Page County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-22-0448 |
| | ) | Circuit No. 17-L-445 |
| TABOR HILLS HEALTHCARE | ) | |
| FACILITY, INC., an Illinois corp.; | ) | Honorable |
| ANTHONY HARVAT, as administrator of | ) | Neal W. Cerne, |
| Tabor Hills Health Care Facility, Inc.; | ) | Judge, Presiding. |
| GLORIA PINDIAK, as administrator of | ) | |
| Tabor Hills Health Care Facility, Inc.; | ) | |
| DEBBIE HARVAT, individually and as | ) | |
| Director of Nursing of Tabor Hills Health | ) | |
| Care Facility; EDNA EUGENIO, R.N.; | ) | |
| DONNABELLE BESAS, R.N.; BOHEMIAN | ) | |
| HOME FOR THE AGED; BOHEMIAN | ) | |
| HOME FOR THE AGED d/b/a/ Tabor Hills | ) | |
| Health Care Facility; RATISH KAURA, M.D.; | ) | |
| EDWARD-ELMHURST HEALTHCARE, | ) | |
| an Illinois corp., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Raish Kaura, M.D., Tabor Hills | ) | |
| Health Care Facility, Inc. and | ) | |
| Bohemian Home for the Aged, | ) | |
| | ) | |
| Defendants-Appellees). | ) | |

JUSTICE ALBRECHT delivered the judgment of the court.
Presiding Justice McDade and Justice Brennan concurred in the judgment.

## ORDER

¶ 1    *Held*:    The court did not abuse its discretion by ordering a response to defendants'
motions for summary judgment before all plaintiff's requested depositions had
occurred; plaintiff did not properly preserve for review the court's denial of her
filing an expert affidavit the day of hearing; the court did not err in granting
defendants' motions for summary judgment.

¶ 2    Plaintiff, Joyce Haines, filed a multiple-count complaint against healthcare facilities and

providers alleging damages related to a fall while Haines was a patient at Tabor Hills Health

Care Facility, Inc. (Tabor Hills). She appeals the circuit court's order for summary judgment in

favor of defendants Dr. Ratish Kaura, Tabor Hills, and Bohemian Home for the Aged (Bohemian

Home) for the counts of medical negligence against Kaura and vicarious liability against Tabor

Hills and Bohemian Home for Kaura's negligence. On appeal, Haines argues that the court erred

in making several discovery rulings and in granting defendants' motions for summary judgment.

For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On or about April 15, 2015, Haines fractured her left leg and was admitted to Silver

Cross Hospital. On April 21, 2015, Haines was discharged from Silver Cross Hospital and

transferred to Tabor Hills for further care. She met with Kaura, who was the attending physician.

Kaura entered orders for Haines's care for her stay at Tabor Hills.

¶ 5    On April 23, 2015, Haines received assistance from a nurse's aide to move from her bed

to the bathroom. On this day, Haines was able to move around with help from a walker. The aide

accompanied Haines into the bathroom, and after Haines was standing in front of the toilet, the

aide left the room. Haines then grabbed the handles attached to the raised toilet seat in an effort

to help herself turn around and sit down on the seat. While using the handles to turn around, the toilet seat broke away from the toilet, and Haines fell backward against the wall and then to the floor. This fall resulted in a longer recovery time and another surgery on Haines's leg.

¶ 6        Haines filed suit against the defendants on April 13, 2017. Relevant to this appeal, the complaint included a medical negligence claim against Kaura and vicarious liability claims against Tabor Hills and Bohemian Home for Kaura's actions. The complaint alleged that Kaura deviated from the standard of care for patients in Haines's situation and that Kaura negligently failed to properly assess her fall risk and to order proper fall protections. Instead of ordering Haines to receive one-person assistance when walking, Haines argued Kaura should have ordered more constant supervision to monitor her movements.

¶ 7        Haines sat for a deposition on August 21, 2018. At her deposition, Haines testified that she did not slip or fall in the bathroom due to any imbalance. She stated that the reason for the fall was because the toilet seat broke.

¶ 8        When responding to written interrogatories, Kaura listed himself as a potential lay witness. He later sat for a deposition on February 26, 2019. At the deposition he testified that he ordered Haines to continue to be weightbearing as tolerated and to have one-person assistance for transfers. These were the same orders that applied during her stay at Silver Cross Hospital. Kaura also testified that he had provided Haines with treatment and care that met the standard of care for a reasonably careful family practice doctor. Haines's attorney objected to this line of questioning on the basis that Kaura was present as a lay witness and had not been disclosed as an expert witness. As a result, Haines's attorney did not question Kaura further regarding his opinion on the standard of care.

3

¶ 9        On March 19, 2019, Kaura filed a motion for summary judgment. The motion argued that Haines failed to establish that Kaura deviated from the standard of care. It further argued that Haines could not establish that her fall was caused by Kaura's alleged negligence. Haines herself testified at her deposition that it was the toilet seat that caused her fall, which Kaura argued was not linked to Kaura's orders for care. The next week, Tabor Hills and Bohemian Home filed a motion for summary judgment as to the vicarious liability claim against them and adopted Kaura's arguments. On April 12, 2019, Kaura supplemented his answers to Haines's Rule 213 interrogatories identifying himself as an expert witness. Ill. S. Ct. R. 213(f)(3) (eff. Jan. 1, 2018).

¶ 10       On May 9, 2019, the circuit court instructed Haines to file an affidavit under Illinois Supreme Court Rule 191(b) to provide information on any additional discovery she believed she needed to conduct in order to respond to the motions for summary judgment. Ill. S. Ct. R. 191(b) (eff. Jan. 4, 2013). The affidavit that was filed stated that Haines needed further depositions on Kaura as an expert witness, the nurse on duty at the time of the incident, the nurse that performed her admission assessment, the nurse that assisted her to the bathroom on the day of the incident, several therapists and nurses that had evaluated her or were present for her assessments at Tabor Hills, the former administrator of Tabor Hills, the Tabor Hills CEO, and an undisclosed expert witness. The court granted Haines request and ordered the depositions listed in the affidavit be completed by September 13, 2019.

¶ 11       In January 2020, Tabor Hills filed a motion for a protective order requesting that the court hold the deposition for its nursing director in abeyance due to her current medical issues. The nursing director was not listed as a necessary witness in Haines's Rule 191(b) affidavit. The court granted the protective order in March 2020. In addition, the court granted Haines's motion to extend the time to complete depositions for the nursing director, the Tabor Hills administrator,

4

and a Dr. Lazar. On June 17, 2020, the court vacated the protective order on the nursing director's deposition because it was no longer medically necessary.

¶ 12    Kaura filed a motion on June 18, 2021, requesting a hearing date be set for his motion for summary judgment. He argued that the nursing director was not named in Haines's Rule 191(b) affidavit and that the administrator's deposition had been set several times only to be cancelled, delaying proceedings. He further argued that neither of these depositions would have any impact on the motion for summary judgment as neither witness were medical doctors who could testify as to standard of care, which was the crux of his argument in the motion for summary judgment.

¶ 13    Hearings on pending motions took place on September 21, 2021, including Haines's motion to compel the nursing director's deposition and Kaura's request to set a hearing date for the motion for summary judgment. The court denied the motion to compel the deposition, noting that the nursing director was not listed as necessary in Haines's Rule 191(b) affidavit. It also noted that there were two outstanding depositions, the administrator and Lazar, that had not yet occurred. The court ordered that any deposition Haines wished to notice up under Illinois Supreme Court Rule 206(a)(1) must be completed by November 23, 2021. Ill. S. Ct. R. 206(a)(1) (eff. Oct. 1, 2021). It also indicated that at the November 23, 2021, status date it would set the motions for summary judgment for hearing.

¶ 14    On October 15, 2021, Haines filed a notice of deposition for the deposition of a corporate representative from Tabor Hills to testify regarding 92 topics. Tabor Hills filed a motion to quash, arguing these topics were outside the scope of the court's September 21, 2021, order and created an unreasonable annoyance and expense. The court struck the notice of deposition and ordered Haines to issue a new one. In doing so, the court found that it had granted a very specific purpose for the deposition and that the notice Haines provided exceeded those limitations. An

5

amended notice was filed on November 3, 2021, and on April 21, 2022, the court ordered Haines to finish the administrator's deposition, as well as the Rule 206(a)(1) witness depositions by June 15, 2022.

¶ 15 Tabor Hills designated Anthony Harvat, the current administrator, as its corporate representative to attend the administrator deposition. Tabor Hills also informed Haines that it was unable to provide a corporate representative for twenty of the deposition topics submitted because those topics related to nursing care and therapy during the time of the incident and no current employee could provide relevant testimony. It then filed a motion for a protective order on May 2, 2022, requesting certain questions be quashed as they were outside the scope of the court's order and were specific to conduct of previously deposed staff members. Tabor Hills stated that after providing Haines with this information, Haines did not depose Harvat. On August 16, 2022, the court granted Tabor Hills's motion for a protective order and to quash the amended notice of deposition. It also ordered Haines to respond to the motion for summary judgment by September 13, 2022. A hearing on the motion was set for October 13, 2022.

¶ 16 Haines filed a response to the motion for summary judgment on September 14, 2022. She argued that Kaura failed to meet the burden required for summary judgment, because the only indication that he had complied with the standard of care was his own deposition. She also argued that she alleged sufficient information in her complaint to create a genuine issue of material fact and that Kaura failed to supply any additional facts that would resolve those issues. Primarily, Haines argued that there was an issue of material fact as to whether Kaura's negligence was the proximate cause of her injuries. Haines argued that a jury could find that Kaura was "careless" in making decisions for her care. She further argued that a jury could find that if Kaura had ordered additional measures the fall would not have occurred because she

6

would not have been left alone in the bathroom. Haines also addressed why she did not provide an affidavit or testimony regarding the appropriate standard of care. She contended that she wanted to disclose her expert witness in conjunction with discovery orders, and the court had yet to order disclosure of expert witnesses.

¶ 17 On September 27, 2022, Kaura filed a reply to Haines's response. He argued that Haines failed to produce any evidence that he failed to follow the standard of care necessary for her situation and that he had presented his own evidence that he did indeed follow the appropriate standard of care. He also argued that Haines had not produced any evidence sufficient to establish that his actions proximately caused her accident.

¶ 18 On October 13, 2022, arguments were heard. Haines attempted to provide an affidavit signed by an undisclosed doctor regarding standard of care. Haines also stated that the affidavit could be filed unredacted, but that could cause a delay as the defendants would inevitably want to conduct further discovery regarding that witness. The court stated that it would not consider the affidavit because submitting it so late was prejudicial to the defendants.

¶ 19 After hearing arguments, the court found, "[T]here is absolutely no connection made by plaintiff between the care that she was receiving and her fall. The fall was clearly – she even admitted the toilet seat broke. *** That was an intervening cause. *** that was not due to the course of treatment provided by the doctor." It further found that there was "no indication that the standard of care was breached so that it would have caused or led to the fall."

¶ 20 The court granted Kaura's motion for summary judgment and dismissed him as a defendant in the matter. Likewise, it granted Tabor Hill's and Bohemian Home's motion for summary judgment on the vicarious liability claims. Haines appealed.

¶ 21                                    II. ANALYSIS

7

¶ 22 On appeal, Haines makes several arguments that can be summarized as follows: (1) whether the court made errors in the discovery process by limiting Haines's Rule 206 notice of deposition (Ill. S. Ct. R. 206(a) (eff. Oct. 1, 2021)) and requiring her to answer defendants' motions for summary judgment without finishing her Rule 191(b) depositions (Ill. S. Ct. R. 191(b) (eff. Jan. 4, 2013)); (2) whether the court erred when it chose not to review Haines's expert affidavit during the hearing on defendants' motions for summary judgment; and (3) whether the trial court erred in granting defendants' motions for summary judgment. We address each of these arguments in turn.

¶ 23                                          A. Discovery

¶ 24 First, Haines argues that the circuit court erred in limiting discovery prior to hearing the motions for summary judgment. Specifically, Haines claims that the court improperly denied her the ability to depose Tabor Hills's designated administrator and nursing director because she could have obtained evidence in those depositions that could defeat defendants' motions for summary judgment.

¶ 25 All parties should be given a reasonable opportunity to conduct discovery prior to responding to a motion for summary judgment. See *Jiotis v. Burr Ridge Park District*, 2014 IL App (2d) 121293, ¶ 27. "A trial court is afforded considerable discretion in ruling on matters pertaining to discovery, and thus its rulings on discovery matters will not be reversed absent an abuse of that discretion." *Kensington's Wine Auctioneers & Brokers, Inc. v. John Hart Fine Wine, Ltd.*, 392 Ill. App. 3d 1, 11 (2009); see also *Ragan v. Columbia Mutual Insurance Co.*, 183 Ill. 2d 342, 352 (1998). A circuit court abuses its discretion if its decision is arbitrary, fanciful, unreasonable, or if no reasonable person would also adopt its ruling. *Carlson v. Michael Best & Friedrich LLP*, 2021 IL App (1st) 19161, ¶ 75.

¶ 26 In its broad discretion in overseeing discovery, the circuit court is also given the power to "make a protective order as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage or oppression." Ill. S. Ct. R. 201(c)(1) (eff. March 17, 2023). Further, it must balance the burden or expense of discovery against any benefit and the importance of the discovery in resolving the issues at hand. Ill. S. Ct. R. 201(c)(3) (eff. March 17, 2023). The court also has the discretion to manage its courtroom and to maintain progress in the cases before it. *People v. Coleman*, 183 Ill. 2d 366, 387 (1998).

¶ 27 We first note that Haines argues that the court erred in refusing to allow her to depose the nursing director prior to responding to the motions for summary judgment. Haines argues here that she should have been allowed to finish her Rule 191(b) depositions prior to responding to defendants' motions. However, the nursing director was not listed as a necessary witness in her Rule 191(b) affidavit. Accordingly, the court did not abuse its discretion in precluding Haines from deposing this witness.

¶ 28 It is also evident from the record that Haines had an adequate opportunity to conduct discovery. After defendants filed their motions for summary judgment, Haines filed a Rule 191(b) affidavit requesting to conduct certain depositions that she believed were necessary in order to respond to the motions. At that time, the court did not order a briefing schedule or a hearing date for the motions and instead set several deadlines for Haines to complete those depositions. At the time the court ordered a response to the motions for summary judgment, the parties had undergone written discovery, and several depositions had occurred. Kaura's motion for summary judgment was filed on March 19, 2019, which Tabor Hills joined and filed its own motion one week later. Thereafter, several depositions took place pursuant to Haines's Rule

191(b) affidavit. Three years later, the court ordered Haines to respond to the motions. Ultimately, the court stated that it did not want to delay proceedings any longer and that three years had been plenty of time for Haines to conduct discovery and respond to the motions.

¶ 29    Further, when limiting discovery, the court found that the topics Haines's requested to cover during the administrator's deposition in Haines's notice were not related to the issues raised in the motions for summary judgment, nor would the administrator be competent to provide an opinion on Kaura's standard of care and proximate cause to the injury. A circuit court has wide discretion in controlling the scope of discovery and does not abuse that discretion when limiting the scope to only topics that are relevant to pending motions. See *Wilson v. Bell Fuels, Inc.*, 214 Ill. App. 3d 868, 877 (1991).

¶ 30    Where Haines was given over three years to conduct discovery, the evidence does not support that the court abused its discretion in hearing and ruling on the defendants' motions for summary judgment without all requested depositions being completed. Further, the court determination that the range of topics in Haines's notice of deposition were duplicative of prior depositions and were not relevant to the issues raised in the motions for summary judgment were reasonable. Based on these circumstances, the circuit court did not abuse its discretion by ordering Haines to respond to the motions for summary judgment prior to completing discovery. See *Brummel v. Grossman*, 2018 IL App (1st) 170516, ¶ 96.

¶ 31                              B. Plaintiff's Expert Affidavit

¶ 32    Haines next argues that the court erred in not considering the expert affidavit she presented at the hearing which supported her arguments against the motions for summary judgment. The affidavit contained statements from a previously undisclosed expert witness that opined that Kaura's fall protection order deviated from the standard of care and that this

10

deviation caused Haines's injuries. Haines argues that pursuant to section 2-1005(c) of the Code of Civil Procedure, she had the right to file the expert affidavit because the hearing had not yet begun. 735 ILCS 5/2-1005(c) (West 2022). Section 2-1005(c) provides, in relevant part, "[t]he opposite party may prior to or at the time of the hearing on the motion file counteraffidavits." *Id.* Haines contends that, because she offered the affidavit at the time of the hearing, the circuit court was required to accept and consider it.

¶ 33        At the summary judgment stage, when a plaintiff indicates she will be able to obtain an expert, she must be given the opportunity to do so. *Stevenson v. Nauton*, 71 Ill. App. 3d 831 (1979). Further, the plain language of section 2-1005(c) clearly allows for an expert affidavit to be filed the day of the hearing. 735 ILCS 5/2-1005(c) (West 2022).

¶ 34        However, in light of *Chicago Park District v. Richardson*, 220 Ill. App. 3d 696 (1991), we conclude that Haines waived this argument on appeal. In *Chicago Park District*, the defendant was denied leave to file a counteraffidavit to support his position at a hearing for summary judgment. *Id.* The appellate court held that the issue was not properly before it on appeal because he did not file the proposed affidavit or "otherwise make an offer of proof concerning what the contents of the affidavit would have been." *Id.* at 701. The purpose of this offer of proof is to provide the circuit court with what the expected evidence will be and to allow the appellate court to determine whether exclusion of such evidence was erroneous. *Id.* "Thus, a party claiming he has not been given the opportunity to prove his case must provide a reviewing court with an adequate offer of proof of what the excluded evidence would have been." *Id.* In this case, Haines did not file the affidavit, nor did she fully inform the trial court what the contents of that affidavit would be.

11

¶ 35    While Haines argues that the court denied her attempt to file the affidavit, there was no offer of proof as to the contents of the refused affidavit; nor was the affidavit filed after the court stated that it would not consider it. There is nothing in the record describing the details of the affidavit, and we will not speculate as to what evidence a party may have proffered. No offer of proof having been made, the issue of the propriety of the court's bar of the counteraffidavit has therefore not been preserved for this court to review. See *id.*

¶ 36                                    C. Summary Judgment

¶ 37    Finally, Haines argues that the court erred in granting defendants' motions for summary judgment when it found that Kaura's alleged failure to perform a proper evaluation and to issue a proper fall protection plan were not a proximate cause of Haines's injuries. Haines further argues that she established a question of material fact as to whether Kaura deviated from the standard of care and that this deviation proximately caused her fall and subsequent injuries.

¶ 38    Summary judgment is a drastic measure that should only be allowed when the right to relief is "free and clear from doubt." *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986). Granting a motion for summary judgment is appropriate though when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005 (West 2022). "A genuine issue of material fact exists where the facts are in dispute or where reasonable minds could draw different inferences from the undisputed facts." *Buck v. Charletta*, 2013 IL App (1st) 122144, ¶ 56. We review the circuit court's ruling on a motion for summary judgment *de novo. Murphy-Hylton v. Lieberman Management Services, Inc.*, 2016 IL 120394, ¶ 16.

¶ 39    In this medical negligence action, Haines must prove: (1) the standard of care against which Kaura should be measured, (2) that Kaura negligently failed to comply with that standard, and (3) that Haines's injury was proximately caused by Kaura's negligence. *Purtill*, 111 Ill. 2d at 241-42. The question here is whether Haines adequately established a material question of fact regarding whether Kaura's alleged negligent treatment deviated from the standard of care and whether these actions proximately caused Haines's injury.

¶ 40    As to the standard of care, Haines must present expert medical testimony that establishes the standard of care from which Kaura deviated. See *Rohe v. Shivde*, 203 Ill. App. 3d 181, 192-93 (1990). The purpose of an expert witness is to help the finder of fact make sense of medical evidence and determine the defendant physician's negligence or lack of skill. *Id.* "[W]here expert testimony is required to establish the applicable standard of care, it is well settled that the testimony of the defendant doctor may suffice to establish the standard." *Id.* Moreover, when a defendant produces evidence that he complied with the standard of care, "and where the plaintiff has failed to bring forth evidence to the contrary even though afforded ample time to do so, then such an affidavit is sufficient for entry of summary judgment in favor of the physician." *Taylor v. City of Beardstown*, 142 Ill. App. 3d 584, 600 (1986).

¶ 41    Further, proximate cause must also be established by expert testimony to a reasonable degree of medical certainty, and the causal connection must not be "contingent, speculative, or merely possible." *Ayala v. Murad*, 367 Ill. App. 3d 591, 601 (2006). Conclusory opinions based on speculation are irrelevant. *Id.* In a medical malpractice case, proximate cause "must be established by expert testimony to a reasonable degree of certainty." *Wiedenbeck v. Searle*, 385 Ill. App. 3d 289, 293 (2008). While proximate cause is a question for the finder of fact, summary

13

judgment may still be granted when the plaintiff fails to present evidence that defendants' negligence was the proximate cause of the injury. *Id.* at 292.

¶ 42 The defendants here argue that during the pendency of this matter, Haines never provided any expert testimony to establish Kaura's alleged negligence was the proximate cause of her injuries. Without such testimony, defendants contend they are entitled to summary judgment as Haines cannot establish an issue of fact as to standard of care or proximate cause. The record here contains no expert evidence to support Haines's assertion that Kaura's fall protection orders were inconsistent or improper. There is also no evidence to establish that Kaura's orders were the proximate cause of her fall. The lack of expert testimony supporting Haines's assertions are fatal to her claim. Thus, because Haines did not provide any of the necessary evidence to support reversing the court's order, we must affirm the summary judgment order.

¶ 43                                      III. CONCLUSION

¶ 44 The judgment of the circuit court of Du Page County is affirmed.

¶ 45 Affirmed.