2025 IL App (1st) 240845-U

SIXTH DIVISION

December 31, 2025

No. 1-24-0845

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| SANDRA WHITE, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) | |
| | ) | No. 19L2083 |
| CHICAGO TRANSIT AUTHORITY and TYRONE BYNUM, | ) | Honorable |
| | ) | Robert F. Harris, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Hyman and Gamrath concurred in the judgment.


**ORDER**

¶ 1    *Held:*    The circuit court (1) did not err in allowing a civil trial to proceed prior to the resolution of criminal proceedings; (2) did not abuse its discretion in denying defendants-appellants' motion for a new trial or to reopen discovery; and (3) defendants-appellants are not entitled to remittitur.

¶ 2     This appeal arises from a personal injury action stemming from a March 1, 2018, bus accident involving Defendant-Appellant, Tyrone Bynum, a Chicago Transit Authority (CTA) bus driver and Plaintiff-Appellee, Sandra White, a pedestrian. The CTA and Bynum admitted negligence, and the case proceeded to trial on the issue of damages. Complicating the proceedings was White's subsequent incarceration on unrelated criminal charges, which prompted a series of evidentiary and procedural disputes regarding the admissibility of evidence and the speculative nature of her future damages.

¶ 3     Following two jury trials, both resulting in verdicts in White's favor, the circuit court denied the CTA and Bynum's post-trial motions for a new trial, expanded discovery, and remittitur. The court consistently excluded evidence of White's criminal charges and incarceration, finding the evidence more prejudicial than probative.

¶ 4     The CTA and Bynum appeal the jury verdict arguing (1) the circuit court erred as a matter of law in allowing the civil trial to proceed to a verdict prior to the resolution of White's pending criminal charges; (2) the circuit court abused its discretion in denying their motion for a new trial and to reopen discovery; and (3) the CTA and Bynum are entitled to remittitur. For the following reasons, we affirm. But our decision should not be read as an endorsement of White's conduct. The troubling result here is compelled by the law, and nothing in the opinion excuses or minimizes the nature of White's actions.

¶ 5                                        I. BACKGROUND

¶ 6     On March 1, 2018, Tyrone Bynum, a Chicago Transit Authority (CTA) bus driver, struck Sandra White while she was walking in a crosswalk in Chicago. White filed a complaint against the CTA and Bynum on February 25, 2019, seeking damages for injuries resulting from the accident. She claimed she sustained orthopedic and neurological injuries, including pain in her

lower back and legs. White's final amended complaint, filed in January 2023, reflected her legal name change from Kolalou to White following a change in marital status.

¶ 7   More than four and one-half years after the accident, in October 2022, White was charged with first-degree murder, dismembering a human body, concealment of a homicide, robbery, and aggravated identity theft. While White was incarcerated and after finding her incarceration irrelevant to her damages involving the bus accident, the circuit court allowed White's video evidence deposition to be taken in civilian clothing to avoid prejudice. The court also barred any references to her former name, "Kolalou," finding the probative value did not outweigh the prejudicial effect. Bynum and CTA admitted negligence, and the case proceeded to a jury trial on the issue of damages.

¶ 8   The CTA and Bynum filed motions in limine to exclude testimony on future surgeries and evidence of future loss of normal life as speculative. They argued that White's incarceration makes those medical procedures unavailable and renders a normal life similarly improbable. The court denied the motions because no medical or correctional expert provided support for the contentions.

¶ 9   On February 27, 2023, the jury returned a verdict for White in the amount of $3,000,000, which included $390,000 for future medical care, and $716,300 for future loss of a normal life. On July 11, 2023, the court granted a new trial, concluding that White intentionally violated discovery by failing to update her responses to reflect her reactivated Facebook account, thereby denying the CTA and Bynum a fair trial. On September 18, 2023, White's motion to reconsider was denied.

¶ 10   The CTA and Bynum moved to reopen discovery to depose White and Dr. Sokolowski regarding the social media activity and to call a new expert to testify on White's Facebook posts and the availability of medical treatment and a normal life while incarcerated. The court granted discovery limited to the social-media issues, allowing depositions of White and Dr. Sokolowski

and the disclosure of a Rule 213(f)(3) witness addressing whether White's activities were consistent with her reported pain. But the court denied leave for an expert on prison medical care, finding it speculative.

¶ 11    At trial, White testified to experiencing fluctuating pain levels and limitations on normal life activities. On cross-examination, the CTA and Bynum questioned her about her social media posts; she explained that she only shared positive moments and did not post on days she was in pain. Dr. Sokolowski reaffirmed his opinions, testifying that the social-media photos were consistent with White's medical condition and his prior findings. The CTA and Bynum's expert, Dr. Mardjetko, disagreed, opining that the activities and travel seen in White's social media posts are inconsistent with her condition. The court held that evidence of the unrelated criminal matter would be excluded as more prejudicial than probative. On October 5, 2023, and after the new trial, the jury returned a verdict for White in the amount of $2.8 million, which included $400,000 for future medical care, and $500,000 for future loss of normal life.

¶ 12    Following the verdict, the CTA and Bynum moved for a new trial or remittitur arguing (1) the trial should have been continued pending White's criminal trial; (2) the verdict was speculative because she could spend life in prison, affecting her credibility and future medical care; (3) the court erred by excluding evidence of her incarceration and denying expert testimony on prison medical treatment; and (4) the damages were excessive and against the manifest weight of the evidence.

¶ 13    On March 25, 2024, the circuit court denied the CTA and Bynum's post-trial motion. The court found (1) the exclusion of criminal-case evidence was proper under Illinois law; (2) the CTA and Bynum forfeited any claim based on timing by failing to move for a stay; (3) they made no offer of proof on their proposed expert; and (4) the damages verdict did not shock the judicial

conscience and was supported by the evidence. On April 16, 2024, the CTA and Bynum filed their notice of appeal. On April 22, 2024, White was convicted of first-degree murder, dismemberment of a human body, and aggravated identity theft in her criminal case and sentenced to 58 years' imprisonment. This appeal followed.

¶ 14                                                    II. JURISDICTION

¶ 15    On February 27, 2023 the jury reached a $3 million verdict for White. On July 11, 2023, the court granted the CTA and Bynum's post-trial motion for a new trial. On October 5, 2023, the jury reached a $2.8 million verdict for White. On March 25, 2024, the circuit court denied the CTA and Bynum's post-trial motion. On April 16, 2024 the CTA and Bynum filed their notice of appeal. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017).

¶ 16                                                    III. ANALYSIS

¶ 17    On appeal, the CTA and Bynum argue (1) the circuit court erred as a matter of law in allowing White's civil trial to proceed to a verdict prior to the resolution of her pending criminal charges; (2) the circuit court abused its discretion in denying their motion for a new trial and to reopen discovery; and (3) the CTA and Bynum are entitled to remittitur.

¶ 18            A. Civil Trial Verdict Prior To Resolution of Pending Criminal Charges

¶ 19    Regarding the stay of the civil proceedings, the CTA and Bynum contend the issue should be reviewed *de novo* because "the facts are undisputed and whether proceeding to trial prior to resolution of White's criminal case undermined the integrity of the judicial process," which is a question of law. But "Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018) requires an appellant's brief to contain arguments supported by citations to relevant authorities." *State v. Hitachi, Ltd*., 2021 IL App (1st) 200176, ¶ 49. The CTA and Bynum have failed to cite any legal

authority in their brief to the effect that undermining the integrity of the judicial process is a question of law we must review *de novo*; thus, they have forfeited this issue on review. See *In re Marriage of Wassom*, 352 Ill. App. 3d 327, 332-33, (2004) (failure to cite legal authority in a party's brief forfeits the issue for review). Even if the issue were not forfeited, the CTA and Bynum could not prevail. A circuit court's refusal to stay proceedings is reviewed for abuse of discretion, and after considering the relevant factors, we find no abuse of discretion here. The fact that we may have ruled differently does not establish the trial court's ruling to be a clear abuse of discretion. See *People v. Gonzalez*, 142 Ill. 2d 481, 494 (1991).

¶ 20                           B. Denial of Motion for New Trial

¶ 21    Alternatively, the CTA and Bynum contend the circuit court abused its discretion in denying its motion for a new trial. Specifically, the CTA and Bynum argue they are entitled to a new trial because the future damages award does not bear any reasonable relationship to the loss White could reasonably expect to suffer. They also assert that White's awards of past pain and suffering and normal life are against the manifest weight of the evidence.

¶ 22    The denial of a motion for a new trial is reviewed for abuse of discretion. *Lawlor v. North American Corporation of Illinois*, 2012 IL 112530, ¶ 38.  On a motion for a new trial, the circuit court weighs the evidence and orders a new trial if a verdict is contrary to the manifest weight of the evidence. *Maple v. Gustafson*, 151 Ill. 2d 445, 454 (1992). A verdict is against the manifest weight of the evidence if the opposite conclusion is clear or if the jury's findings are unreasonable, arbitrary, and not based on the evidence available. *Lawlor*, 2012 IL 112530, ¶ 38.

¶ 23    The CTA and Bynum assert those standards have been met. We disagree because although the CTA and Bynum's expert witness testified that White's social media pictures were inconsistent with her diagnosis and pain, White's expert witness, to the contrary, provided testimony regarding

her injuries; the need for further medical care and surgery; and her past and future pain and suffering. The jury heard testimony from both expert witnesses and presented a verdict based on the available evidence. This court will not upset a jury's award of damages "unless a proven element of damages was ignored, the verdict resulted from passion or prejudice, or the award bears no reasonable relationship to the loss suffered." *Snover v. McGraw*, 172 Ill. 2d 438, 447 (1996). The record shows the jury considered all the evidence and returned a verdict that was based on the evidence. Thus, we find no abuse of discretion by the circuit court as the jury's verdict was not against the manifest weight of the evidence. *Id*.

¶ 24                     C. Denial of Motion to Reopen Discovery

¶ 25    Next, the CTA and Bynum argue the circuit court abused its discretion in denying its motion to reopen discovery and appoint a Ill. S. Ct. R. 213(f) witness "who could provide the court and the parties with information regarding what future damages White might reasonably be expected to incur if incarcerated." Specifically, the CTA and Bynum argue the court abused its discretion in denying the discovery request given the court acknowledged that White's damages case was speculative.

¶ 26    Reopening discovery is within the circuit court's discretion and will not be overturned by a reviewing court absent an abuse of discretion. *Wade v. Chicago Heights*, 216 Ill. App. 3d 418, 440 (1st Dist. 1991). The circuit court weighs various factors in determining whether to reopen discovery including "whether (1) the failure to introduce the evidence occurred because of inadvertence or calculated risk; (2) the adverse party will be surprised or unfairly prejudiced by the new evidence; (3) the new evidence is of the utmost importance to the movant's case; and (4) any cogent reasons exist to justify denying the request." *Id*.

¶ 27 The record reflects the CTA and Bynum failed to make any offer of proof regarding White's medical care while incarcerated. When evidence is excluded, the proponent must submit an adequate offer of proof to apprise both the court and opposing counsel of the nature and substance of the offered evidence. *Northern Trust Co. v. Burandt and Armbrust, LLP*, 403 Ill. App. 3d 260, 280 (2010). The offer of proof is also needed to allow the reviewing court to determine whether exclusion of the evidence was erroneous and harmful. *Wright v. Stokes*, 167 Ill. App. 3d 887, 891 (1988). "To be adequate, an offer of proof must apprise the trial court of what the offered evidence is or what the expected testimony will be, by whom it will be presented and its purpose." *Chicago Park District v. Richardson*, 220 Ill. App. 3d 696, 701 (1991). In the absence of an offer of proof, the issue of whether evidence was improperly excluded will be deemed forfeited. *Northern Trust Co.*, 403 Ill. App. 3d at 280.

¶ 28 At the time of the civil trial, White had not been convicted, and the pending charges were irrelevant to the issues in this civil action. The circuit court therefore acted within its discretion in finding the proffered evidence more prejudicial than probative. We agree that the jury properly did not hear evidence of unrelated criminal charges because, as a matter of law, such evidence was inadmissible. Ill. R. Evid. Rule 609 (2002).

¶ 29                                   D. Remittitur

¶ 30 Alternatively, the CTA and Bynum contend they are entitled to remittitur for future loss of normal life, future medical care, and future pain and suffering because the damages are speculative. The CTA and Bynum also argue they are entitled to remittitur on past pain and suffering and past loss of normal life because the jury's verdict falls outside the range of reasonable compensation given the available evidence.

¶ 31 Remittitur is available only when a jury's verdict falls outside the range of fair and reasonable compensation, is the result of passion or prejudice, or is so large that it shocks the judicial conscience. *Wagner v. City of Chicago*, 254 Ill. App. 3d 842, 860 (1993). Here, the court stated, "Although the Court was somewhat surprised by the jury's damages verdict, the verdict did not 'shock the judicial conscious'," and "Justification for the jury's verdict could be found through testimony of the Plaintiff and her experts." The CTA and Bynum point to the lack of evidence regarding White's criminal charges and their expert's testimony regarding White's social media photos. But, as stated previously, the jury heard testimony from both expert witnesses and presented a verdict based on the available evidence. This court will defer to a jury's damages award unless a proven element of damages was disregarded, the verdict was the product of passion or prejudice, or the award bears no reasonable relation to the loss suffered. *Snover*, 172 Ill. 2d 438, 447 (1996).

¶ 32                                IV. CONCLUSION

¶ 33 For the following reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 34 Affirmed.